## THOMPSON v. WORCESTER BANK & TRUST CO.
### No. 2944.

Circuit Court of Appeals, First Circuit.
Jan. 4, 1935.

William M. Silverman, of Boston, Mass. (Harry Olins and Hermanson & Silverman, all of Boston, Mass., on the brief), for appellant.

Merrill S. June, of Worcester, Mass. (Bradley B. Gilman, of Worcester, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an appeal by the trustee in bankruptcy from an order of the District Court affirming an order of the referee which held, in effect, that a certain mortgage of personal property given by the bankrupt to the Worcester Bank & Trust Company was not invalid as a preference. The question arose on the proof of a secured claim filed by the trust company against the bankrupt estate, in which it was recited that the trust company held the mortgage in question as security. After full hearing, the claim was allowed by the referee, and on review his action was affirmed by the District Judge. The evidence is reported.

No doubtful question of law is involved, the issue between the parties being purely one of fact, whether the trust company had reasonable cause to believe that Sussman, the bankrupt, was insolvent at the time when he gave the mortgage. Sussman was an importer of amber and other merchandise. The mortgage covers what is said to be the finest collection of Baltic amber in the world—it is now on exhibition in one of the Harvard Museums—with the exception of that owned by the German government. Sussman defrauded the government on customs duties and thereby incurred large liabilities to the government which rendered him insolvent. Aside from this liability he was solvent.

The trust company had no reason whatever to believe Sussman insolvent at the time when it took the mortgage, unless it then knew about his trouble with the government. If it was aware of that fact, it was put upon inquiry; and inquiry would have disclosed the true situation and Sussman's insolvency. Mr. Sawyer, the officer of the trust company by whom the matter was handled on its behalf, testified that he first requested Sussman to give them a mortgage as security for his outstanding loans in December, 1931, about four months before the mortgage was in fact given, and that the matter hung fire until finally the mortgage was executed in April, 1932; that he was wholly unaware of any trouble between Sussman and the government at the time when the mortgage was taken and was simply carrying out an arrangement which had been made in December previous. The trouble between Sussman and the gov-

ernment did not arise until January, 1932. Sussman contradicted Sawyer's testimony, and said that, before the mortgage was executed, he told him that he (Sussman) was in serious trouble with the government. The referee, in a careful and capable discussion of the evidence, which he incorporated into his order and which appears in the record, reached the conclusion that Sussman was an unreliable witness, and that the bank officer's account of the matter was true. It would serve no useful purpose for us to repeat the discussion. It is enough to say that we are by no means satisfied that the referee's conclusion which was affirmed by the District Judge was clearly wrong.

The order of the District Court is affirmed, with costs to the appellee.